# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ABEL ARELLANES RODRIGUEZ,

    Petitioner

v.

TODD BLANCHE, et al.,[1]

    Respondent

Case No.: 2:26-cv-00672-APG-NJK

**Order (1) Denying Amended Petition for Writ of Habeas Corpus and (2) Denying Respondents' Motion to Dismiss as Moot**

[ECF Nos. 10, 14]

Abel Arellanes Rodriguez is a noncitizen currently detained by Immigration and Customs Enforcement (ICE). ECF No. 11-1 at 4-5.  He entered the United States in 2013 without inspection, was detained by ICE, and was granted a voluntarily return to Mexico. *Id.* at 5.  He did not return to Mexico and has been living in the United States for over 12 years, has a wife, and has four minor children who are United States citizens. *Id.* at 6.

Arellanes Rodriguez pleaded guilty to driving under the influence (DUI) in February 2020. *Id.* at 6-7.  He was charged with another DUI in December 2024 and a third in February 2026. *Id.* at 6, 14-15.  On the record before me, both the 2024 and 2026 charges remain pending. *Id.* at 6, 31.  After his February 2026 DUI charge, ICE took custody of Arellanes Rodriguez from the Salt Lake County Jail and commenced removal proceedings against him, alleging he was an alien present in the United States who has not been admitted or paroled in violation of § 212(a)(6)(A)(i) of the Immigration and Naturalization Act (INA) and that he did not possess a valid visa under § 212(a)(7)(A)(i)(I) of the INA. *Id.* at 5.

---

[1] Acting Attorney General Todd Blanche is substituted for Pamela Bondi, and Secretary of Homeland Security Markwayne Mullin is substituted for Kristi Noem. Fed. R. Civ. P. 25(d).

In March 2026, an immigration judge (IJ) denied Arellanes Rodriguez bond because she found him to be "a danger to the community" due to what she characterized as two DUI convictions and a recent arrest for a third DUI. ECF No. 11-1 at 2.  At his bond hearing, the immigration judge asked Arellanes Rodriguez if he was convicted of the December 2024 charge, and he said that was correct. ECF No. 11-3 at 2:57-3:44.  However, his I-213 form lists the charge as "pending" and there is no other evidence regarding the outcome of that case. ECF No. 11-1 at 6.  Ultimately, my decision does not turn on whether the IJ correctly characterized the December 2024 incident as an arrest or conviction.

Arellanes Rodriguez filed this petition for a writ of habeas seeking release or, in the alternative, a new bond hearing in which (1) the government must prove through clear and convincing evidence that he is a danger to the community or a flight risk, and (2) the IJ makes an individualized determination that he is dangerous because the first bond hearing was clearly erroneous.  The government responded that Arellanes Rodriguez's petition is not ripe because he did not properly exhaust his administrative remedies by filing an appeal with the Board of Immigration Appeals (BIA) before filing his petition, and that the IJ acted within her discretion.  The government filed an identical response and a motion to dismiss. ECF Nos. 13, 14.  I deny Arellanes Rodriguez's petition and accordingly deny the government's motion to dismiss as moot.

I.      HABEAS CORPUS PETITION

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure

release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Immigr. & Naturalization Serv. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).  I have "equitable discretion" "as law and justice require" for remedying unlawful detention in habeas petitions. *Brown v. Davenport*, 596 U.S. 118, 128, 134 (2022) (quotation omitted).

**A.  The IJ's standard of review did not violate the Fifth Amendment.**

Arellanes Rodriguez argues that procedural due process demands that the government bear the burden of proof by clear and convincing evidence in immigration bond hearings.  A noncitizen detained under 8 U.S.C. § 1226(a) is entitled to an individualized bond hearing where he must prove "by a preponderance of the evidence that he is not 'a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk'" for the IJ to order his release. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (quoting *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)).

In *Rodriguez Diaz*, the Ninth Circuit rejected a claim that it is "constitutionally inadequate" for a noncitizen to bear the burden of proof at his initial immigration bond hearing. 53 F.4th at 1210.  It instead held that "§ 1226(a)'s procedures satisfy due process, both facially and as applied" to the petitioner in that case. *Id.* at 1213.  But the Ninth Circuit did "not foreclose all as-applied challenges to § 1226(a)'s procedures." *Id.*  For example, it left open the question

whether placing the burden on the noncitizen could create an unacceptably high risk of erroneous deprivation of the noncitizen's interest because the noncitizen experiences language and cultural barriers, difficulty obtaining evidence, and financial inability to hire an attorney. *Id.* at 1211-12.

Arellanes Rodriguez does not assert that he faced similar issues.  He argues that the IJ's failure to consider his financial circumstances and alternative conditions of release is inconsistent with due process.  But the Ninth Circuit has indicated it is "likely" that an IJ must consider those factors when "setting monetary bonds" after the IJ determines the noncitizen is not a danger to the community, is not a flight risk, and is thereby bond eligible. *Hernandez v. Sessions*, 872 F.3d 976, 990-91, 994 (9th Cir. 2017); *see also Matter of Siniauskas*, 27 I. & N. Dec. 207, 210 (BIA 2018) ("[A]n Immigration Judge should only set a monetary bond if the [detained noncitizen] first establishes that he is not a danger to the community.").  Further, in *Martinez v. Clark*, the Ninth Circuit held that the BIA did not have to consider alternative conditions of release on a noncitizen's appeal of his bond denial because the BIA already found him "to be a danger to the community." 124 F.4th 775, 786 (9th Cir. 2024).  Here, the IJ determined that Arellanes Rodriguez was a danger to the community, so it was not improper for the IJ to not consider his financial circumstances or alternatives to release when denying him bond.  Therefore, I deny Arellanes Rodriguez's first ground for relief.

**B. The IJ did not abuse her discretion in finding Arellanes Rodriguez is a danger to the community.**

Arellanes Rodriguez claims that the IJ's determination that he was a danger to the community based on his 2020 DUI conviction and his 2024 and 2026 DUI arrests is clearly erroneous.  The government argues that she was following BIA precedent set forth in *Siniauskas*, 27 I. & N. Dec. 207.

I review an IJ's determination of dangerousness for abuse of discretion. *Martinez*, 124 F.4th at 784. Under an abuse of discretion standard, I "cannot reweigh evidence, but can only determine whether the [IJ] applied the correct legal standard." *Id.* at 785. (simplified). "Abuse of discretion review is limited to whether the IJ's decision reflects clear legal error or is unsupported by sufficient evidence." *Roa Restrepo v. Noem*, No. 2:26-cv-01735-AJR, 2026 WL 1047688, at *5 (C.D. Cal. Mar. 23, 2026) (quotation omitted).

As noted by the Ninth Circuit, BIA precedent provides nine factors than an IJ may weigh "[t]o determine whether an alien is a danger to the community." *Martinez*, 124 F.4th at 783 (citing *Guerra*, 24 I. & N. Dec. at 40). The nine factors an IJ "may" consider "include any or all of the following:"

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*Guerra*, 24 I. & N. Dec. at 40. An IJ has "broad discretion to weigh the listed factors and add any factors not mentioned or discount those that are less probative." *Martinez*, 124 F.4th at 783-84. "[T]he *Guerra* factor most pertinent to assessing dangerousness is the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses." *Id.* at 783 (quotations omitted).

The IJ did not abuse her discretion. She applied the correct legal standard of *Guerra*. "Generally, in the absence of any red flags, [I] take [an IJ] at [her] word." *Martinez*, 125 F.4th at 785. Arellanes Rodriguez raises no red flags indicating the IJ did not properly apply the law. He

argues that she did not consider other factors in his record such as his four minor children, his community ties, or his job, but during the bond hearing the IJ heard and considered his family circumstances. ECF No. 11-3 at 11:10-11:27.  The IJ's decision is supported by the record.  She considered Arellanes Rodriguez's criminal history, the most pertinent factor when assessing dangerousness.

The IJ noted that she is instructed to take DUIs very seriously. ECF No. 11-3 at 4:20-4:27.  *Siniauskas* is a precedential BIA decision and thus "serve[s] as precedent[] in all proceedings involving the same issue or issues" before IJs. 8 C.F.R. §§ 1003.1(g)(1), (2); *Salazar-Leyva v. Sessions*, No. 17-cv-04213-EMC, 2019 WL 1936239, at *1 (N.D. Cal. May 1, 2019).  In *Siniauskas*, the BIA found a noncitizen to be a danger to the community because he had three DUI convictions from over ten years prior and was arrested for a fourth DUI within the past year. 27 I. & N. Dec. at 208.  It noted how "[d]riving under the influence is a significant adverse condition in bond proceedings" because it "presents a serious risk of physical injury to others" and causes a significant amount of deaths, injuries, and property damage every year. *Id.* at 208-09 (simplified).  The BIA placed considerable weight on the noncitizen's "recent arrest" for a new DUI because it "undercut[] his argument that . . . [he did] not pose a danger to the community," even though his convictions were from over ten years prior. *Id.* at 209-10.

Arellanes Rodrigues has been convicted of at least one DUI and arrested for DUI two other times, including one recent arrest, so the IJ did not commit clear error in taking DUI offenses seriously in Arellanes Rodriguez's bond hearing.  *Siniauskas*' description of the danger DUIs pose applies to Arellanes Rodriguez's conduct.  He has a recent DUI arrest like the noncitizen in *Siniauskas*, meaning his "is not a case involving a single conviction for driving under the influence from 10 years ago." *Id*. at 210.  The IJ in Arellanes Rodriguez's bond hearing

was bound to follow *Siniauskas*' reasoning. Therefore, the IJ did not abuse her discretion in finding that Arellanes Rodriguez failed to prove he is not a danger to the community.

The government cites *Leonardo v. Crawford*, 646 F.3d 1157 (9th Cir. 2011), to argue that Arellanes Rodriguez must exhaust his administrative remedies before filing a petition for a writ of habeas corpus. *Leonardo* held that a noncitizen in removal proceedings must appeal an IJ's adverse bond determination to the BIA before seeking habeas review, "unless exhaustion is excused." *Id.* at 1160. This is a prudential requirement, not a jurisdictional requirement. *Hernandez*, 872 F.3d at 988; *Alvarado v. Mattos*, No. 2:26-cv-00416-APG-DJA, 2026 WL 963227, at *2 (D. Nev. Apr. 9, 2026). I need not decide this issue because exhausting administrative remedies is not a jurisdictional requirement and the IJ was not clearly erroneous in her determination.

**II.     CONCLUSION**

I THEREFORE ORDER that Abel Arellanes Rodriguez's amended petition for writ of habeas corpus **(ECF No. 10) is DENIED.**

I FURTHER ORDER that the respondents' motion to dismiss **(ECF No. 14) is DENIED as moot.**

I FURTHER ORDER the clerk of court to close this case.

DATED this 6th day of June, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE